```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

| | |
|---|---|
| **DANIEL W. RAUP, et al.,** | ) |
| Plaintiffs, | ) |
| v. | ) No. 10-2862 |
| **ROBERT ANTHONY WEBB, et al.,** | ) |
| Defendants. | ) |

## ORDER GRANTING MOTION TO REMAND

Before the Court is the motion to dismiss for lack of jurisdiction or remand for incomplete diversity filed by Petitioners/Defendants Robert Anthony Webb and Bobbie Jean Webb (the "Webbs"). (See Pet'rs/Defs.' 12(b) Mot. to Dismiss for Lack of Jurisdiction or Mot. to Remand for Incomplete Diversity, ECF No. 6.) ("Mot. to Remand") Respondent/Plaintiff Daniel W. Raup ("Raup") has responded in opposition. (See Resp't/Pls.' Resp. to Pet'rs./Defs.' 12(b) Mot. to Dismiss for Lack of Jurisdiction or Mot. to Remand for Incomplete Diversity, ECF No. 10.) ("Resp.") For the following reasons, the Webbs' motion is GRANTED.

### I.  Background

On October 22, 2010, the Webbs filed a petition for adoption of H.W.R., a minor child, in the Circuit Court of the

Sixth Judicial Circuit in Champaign County, Illinois. (See Pet. for Adoption, ECF No. 1.) Raup, who is currently incarcerated at a federal corrections institution in Memphis, Tennessee, was named as H.W.R.'s "Birth Father." (See id. ¶ 7.) The petition stated that H.W.R.'s "Birth Mother," Plaintiff/Respondent Stacie Lynn Raup, was expected to consent to the adoption and that Raup was expected to be found "unfit" under Illinois law. (See id. ¶¶ 6-7.) After Raup had been served with notice of the adoption petition, he filed a notice of removal and an answer and counterclaim in this Court on November 29, 2011. (See Notice of Removal, Answer and Counterclaim ECF No. 1.) On December 7, 2010, the Webbs filed the motion to remand now before the court. (See Mot. to Remand.) Raup responded in opposition on January 24, 2011. (See Resp.)

  II. **Standard of Review**

  On a motion for remand, the removing party bears the burden of establishing that removal was proper. Long v. Bando Mfg. of Am., Inc., 201 F.3d 754, 757 (6th Cir. 2000). Removal under 28 U.S.C. §§ 1441 and 1446 is appropriate when federal jurisdiction existed at the time of removal, without consideration of subsequent events. Williamson v. Aetna Life Ins. Co., 481 F.3d 369, 375 (6th Cir. 2007). "The removal petition is to be strictly construed, with all doubts resolved against removal." Her Majesty the Queen in Right of the Province of Ontario v.

2

City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989) (citing Wilson v. USDA, 584 F.2d 137, 142 (6th Cir. 1978)).

Removal jurisdiction requires a showing that a federal court has original jurisdiction over the action, either through: (1) diversity of citizenship under 28 U.S.C. § 1332; or (2) federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441.

**III. Analysis**

Raup first asserts that subject matter jurisdiction is proper based on diversity of citizenship. Federal diversity jurisdiction "exists only when no plaintiff and no defendant are citizens of the same state." Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C., 176 F.3d 904, 907 (6th Cir. 1999) (citing U.S. Fidelity and Guar. Co. v. Thomas Solvent Co., 955 F.2d 1085, 1089 (6th Cir. 1992)); see also Boladian v. UMG Recordings, Inc., 123 F. App'x 165, 167 (6th Cir. 2005) (citations omitted). "In order for a defendant to remove a case to federal court based upon diversity jurisdiction, there must be complete diversity of citizenship both at the time that the case is commenced and at the time that the notice of removal is filed." Jerome-Duncan, Inc., 176 F.3d at 907.

For the purpose of diversity jurisdiction, a person's citizenship is his "domicile." Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989). "To acquire a domicile within a particular state, a person must be physically present

3

in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." Deasy v. Louisville & Jefferson Cnty. Metro. Sewer Dist., 47 F. App'x 726, 728 (6th Cir. 2002) (citations omitted). "A prisoner does not acquire a new domicile when he or she is incarcerated in a different state; instead, he or she maintains his or her pre-incarceration domicile." Purdom v. Gettleman, No. 08-CV-7-JMH, 2008 WL 695258, at *3 (E.D. Ky. Mar. 12, 2008) (citation omitted); see Johnson v. Corrections Corp. of Am., 26 F. App'x 386, 388 (6th Cir. 2001) (explaining that "there is a rebuttable presumption that a prisoner retains his former domicile after incarceration").

The adoption petition filed by the Webbs in Illinois state court identifies the Webbs as the petitioners. (See Pet. for Adoption ¶ 1.) They are Illinois citizens. (See id. ¶¶ 2-3.) Raup, Stacie Lynn Raup, "the Unknown Father," and H.W.R. are named as the respondents. (See id. ¶¶ 6-8.) Stacie Lynn Raup and H.W.R. are Illinois citizens. (See id. ¶¶ 2, 4; Final and Irrevocable Consent to Adoption, Ex. B, ECF No. 6-2.) The citizenship of the Unknown Father is unknown. (See Aff. for Service by Publication, Ex. C, ECF No. 6-3.) Raup is presently incarcerated in Tennessee. (See Notice of Removal at 1.)

Neither the petition for adoption nor the notice of removal states Raup's pre-incarceration domicile, and, therefore, his

4

domicile is unknown. Even assuming that, before his incarceration, Raup had been domiciled in a state other than Illinois, the parties would not be completely diverse. Because the Webbs, the original petitioners and now defendants, reside in the same state as Stacie Lynn Raup and H.W.R., two of the original respondents and now plaintiffs, diversity is incomplete. For that reason, the Court cannot exercise jurisdiction based on diversity of citizenship. See Curry v. U.S. Bulk Transp., Inc., 462 F.3d 536, 543 (6th Cir. 2006) (remanding for lack of subject matter jurisdiction due to two nondiverse defendants).

Raup alternatively asserts that this Court has subject matter jurisdiction because his counterclaim for violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 et seq., constitutes a federal question. (See Notice of Removal at 4; Answer and Counterclaim at 3.) As the Sixth Circuit has explained, "it is well settled that federal counterclaims and defenses are inadequate to confer federal jurisdiction." Chase Manhattan Mortg. Corp. v. Smith, 507 F.3d 910, 915 (6th Cir. 2007) (citation and internal quotation marks omitted); Mortg. Elec. Registration Sys., Inc. v. Brooks-Bey, No. 08-11149, 2008 WL 5088454, at *2 (E.D.Mich. Nov. 26, 2008) ("The fact that defendant raises federal claims in defense of the action is irrelevant, as under the well-

5

pleaded complaint rule injection of a federal question in a defense or counterclaim does not create the requisite federal ground for removal to federal court.") (citation and internal quotation marks omitted). Therefore, Raup's assertion of a RICO counterclaim in his responsive pleading does not provide this Court with federal question jurisdiction.

Nothing in the Webbs' petition for adoption provides this Court with subject matter jurisdiction. In fact, "federal courts have traditionally declined to exercise jurisdiction over cases involving divorce, alimony, adoption, and child custody matters subject to state law." Beard v. Schulten, No. 1:05-CV-43, 2005 WL 1263062, at *2 (E.D. Tenn. May 27, 2005) (citations omitted); see Hughes v. Hamann, 23 F. App'x 337, 338 (6th Cir. 2001) ("Federal courts lack jurisdiction to issue child custody decrees." (citing Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992)); Catz v. Chalker, 142 F.3d 279, 291 (6th Cir.1998) ("Traditionally, marriage, divorce, child custody, support payments, and division of marital assets are uniquely state matters which involve distinct issues of state law" (citations omitted)). The petition for adoption presents no federal question, and the Webbs' proposed adoption of H.W.R is entirely a matter of Illinois state law. This Court lacks jurisdiction. See Hughes, 23 F. App'x at 338; Catz, 142 F.3d at 291; Beard, 2005 WL 1263062, at *2.

Because the parties are not completely diverse and there is no federal question, subject matter jurisdiction is not proper. Because the Court lacks subject matter jurisdiction, removal was not proper, and the Webbs' motion to remand is well-taken.

**IV. Conclusion**

Based on the foregoing, the Webbs' motion to remand is GRANTED. This case is REMANDED to the Circuit Court of the Sixth Judicial Circuit in Champaign County, Illinois.

So ordered this 6th day of April, 2011.

                                          s/ Samuel H. Mays, Jr.
                                          SAMUEL H. MAYS, JR
                                          UNITED STATES DISTRICT JUDGE